ESTATE of Max STEINBERG, Deceased, Pearl Steinberg, Executrix and Pearl Steinberg, Individually, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 55, Docket 30491.

United States Court of Appeals Second Circuit.

Argued Sept. 27, 1966.

Decided Oct. 19, 1966.

George T. Altman, Beverly Hills, Cal., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., (Meyer Rothwacks, John P. Burke, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge:

Max and Pearl Steinberg (Petitioners) were married in 1942. The Commissioner of Internal Revenue (Commissioner) determined deficiencies against Max for the years 1947, 1948, and 1949, when Max and Pearl filed separate returns, and against both for 1950 and 1951, when they filed a joint return. Petitioners petitioned the Tax Court for a redetermination of the deficiencies. The assessment of a deficiency for each year concerned was barred by the statute of limitations unless the return for that year was fraudulent. The burden of showing fraud was on the Commissioner. A decision of no deficiency was entered

for the years 1946, 1947, and 1948, but deficiencies were determined against petitioners for 1950 and 1951. Only the latter determination is appealed from.

Since Max died shortly after the trial in the Tax Court, Pearl alone prosecutes this appeal in her own right and as executrix of Max's estate.

■ Petitioners claim that the Commissioner has not met his burden of proving fraud. We disagree. By using the "increase in net worth" method, the Commissioner showed that petitioners received income which they did not report in 1950 and 1951. The net worth figures were the result of an extensive investigation by government agents into the financial affairs of both Pearl and Max, and included the assets and expenses of both of them. The investigation did not reveal the source of the income. Petitioners claimed that Pearl had a substantial cash hoard accumulated in years prior to 1946, the investment and expenditure of which during the years 1946–51 accounted for the increase in net worth. They claimed many non-taxable sources of the cash, but a careful investigation invariably revealed that the claims were untrue.

The Tax Court felt, and we agree, that fraud had been established by the petitioners' insistence upon giving the government agents false leads as to the source of the alleged cash hoard, and by the use of camouflaged and hidden bank accounts.

■ Testifying before the Tax Court as an adverse witness called by the Commissioner, Pearl asserted for the first time that the source of an undetermined portion of the cash hoard was a prominent gentleman whom she had hoped to marry but who had died in 1931. She testified that for several years he had periodically given her little bags of money which she had placed unopened and uncounted in a safe deposit box. She refused to reveal his identity because of a promise not to do so. Because of this refusal, this testimony was stricken. Petitioners claim this was error. Even if petitioners are correct, which we need not decide, they were not prejudiced by the action. The same court which ordered the testimony stricken said later, in its finding of facts:

"Even if all of her testimony were still before us, we would reach the same conclusion. We observed her demeanor on the witness stand and have compared her tale of the unnamed suitor * * * with her previous statements as to the source of her cash accumulations. We could not give credit to her account even if she had candidly identified for the first time at trial her phantom friend, and certainly her failure to disclose the alleged amount of her cash hoard renders the testimony almost valueless for purposes of an attack on the net worth computation." 24 T.C. M. at 1254.

■ Petitioners' final complaint is that the Commissioner's answer in the Tax Court did not advise the petitioners fully of the nature of the defense as required by Rule 14(b) of the Tax Court. Specifically, petitioners claim they did not know that the Commissioner was relying on increases of combined net worth due to Pearl's income. The Commissioner's answer before the Tax Court leaves no doubt that he did not know where the unreported income came from, and that he had no intention of limiting his basis for deficiencies to unreported income generated by Max alone. Thus, petitioners' claim that the answer was insufficient to support a determination of deficiencies based on income generated by Pearl is without merit.

Affirmed.